UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61542-CIV-COHN

STEPHEN T. MCALLISTER
and THERESA M. MCALLISTER,

    Plaintiffs,

vs.

THE LENDING HOUSE, INC. and TURNKEY TITLE,

    Defendant.
_____/

**ORDER GRANTING EMERGENCY MOTION
FOR A TEMPORARY RESTRAINING ORDER**

    THIS CAUSE is before the Court upon Plaintiffs Emergency Motion for a Temporary Restraining Order [faxed to chambers on October 12, 2006]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

    On October 11, 2006, at 4:35pm, Stephen and Theresa McAllister, homeowners of the property at 7445 NW 75th Drive, Parkland, Florida, 33067, filed a Complaint against The Lending House and Turnkey Title, alleging violations of the Truth in Lending Act for failure to provide necessary disclosures when they purchased the home. On October 12, 2006, Plaintiffs' counsel faxed an emergency motion seeking to enjoin a foreclosure sale set for 11:00am on October 12, 2006. The Court notes that Plaintiffs' Complaint did not seek emergency relief, and that the emergency motion was received by the Court at approximately 10:57am on October 12, 2006.

    Nonetheless, the bare-bones motion filed by Plaintiffs is sufficient at this point to allow the Court to enter a temporary restraining order without notice. In order to obtain a restraining order at this moment, Plaintiffs must establish the following four elements:

(1) a substantial likelihood that the plaintiffs will prevail on the merits; (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiffs outweighs the threatened harm the injunction may do to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994). At this moment, the Court determines that the finality of a foreclosure sale to Plaintiffs' detriment, and the negligible harm to Defendants of a brief delay in a foreclosure sale, leads this Court to grant a temporary restraining order at this time, pending a hearing on a preliminary injunction (all assuming of course, that the foreclosure sale has not been completed by the time Defendants receive this order).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Emergency Motion for a Temporary Restraining Order [faxed to chambers on October 12, 2006] is hereby **GRANTED**;

2. Plaintiffs shall immediately file the original motion with the Clerk of Court in Fort Lauderdale, Florida. Emergency motions are accepted at the counter, despite today's transition to mandatory electronic filing;

3. Defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative and/or employee of Defendants from conducting any foreclosure sale of the property until further order of this Court;

4. A preliminary injunction hearing is hereby set for Friday, October 20, 2006 at 10:00am in Courtroom 203E of the United States Courthouse, 299 E. Broward

5. Blvd., Fort Lauderdale, Florida, 33301;

5. Plaintiffs shall file a memorandum of law in support of their request for a continued injunction by Tuesday, October 17, 2006 (electronic filing only).

6. At the hearing Plaintiffs must meet the preliminary injunction standard for the injunction to continue;

7. Plaintiffs must immediately serve Defendants or their authorized representative with the Complaint, their motion and this Order

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of October, 2006.

JAMES I. COHN
United States District Judge

copies to:

Rebecca Taylor    (via fax 954-840-1818)