UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61542-CIV-COHN

STEPHEN T. MCALLISTER
and THERESA M. MCALLISTER,

   Plaintiffs,

vs.

THE LENDING HOUSE, INC. and TURNKEY TITLE,

   Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
## ORDER DENYING MOTION TO VACATE SALE IN STATE COURT

THIS CAUSE is before the Court upon the Report and Recommendation of United States Magistrate Judge Lurana Snow [DE 19] and the Plaintiff's Motion to Vacate Sale Scheduled for 6/7/2007 in Broward County Civil Court [DE 20]. The Court has carefully considered the Magistrate's Report, and notes the lack of filing of any objections to the report. The objections were due May 29, 2007.

The Court referred to the Magistrate Judge the issue of Plaintiffs' counsel's authority to settle this matter [DE 15]. Plaintiff had taken issue with his own counsel's submission of a Notice of Voluntary Dismissal with Prejudice [DE 12]. This Court had held a show cause hearing with regard to Plaintiffs' counsel's failure to respond to this Court's Order of March 5, 2007 directing them to respond to Plaintiff Stephen McAllister's *pro se* letter to the Court questioning the authority of counsel to settle this matter [DE 13-14]. After the referral, the Magistrate Judge held a hearing and heard from all involved in the case . . . except that Plaintiff Stephen McAllister did not appear

(nor did Mr. McAllister appear at this Court's Show Cause hearing) [DE 18].[1]

Following the hearing, the Magistrate Judge issued her Report and Recommendation detailing the history of Plaintiffs' problems with paying their mortgage, and their attempts to avoid paying the mortgage through various bankruptcy filings.  The Magistrate also detailed the circumstances surrounding the attempt to settle this Truth in Lending Act case.  The Magistrate recommended that the Court conclude that there was no valid settlement agreement between the parties as the court lacks clear and unequivocal evidence that Plaintiff's counsel was authorized to enter into the final settlement agreement.  The Magistrate also noted, however, that this conclusion does not affect the dismissal of the case.  See Report and Recommendation at pp. 8-9.

Rather than filing objections to the Report, on June 7, 2007, Plaintiff filed a pro se motion to vacate a sale of his house in the state court due to a foreclosure judgment.  According to the Report and Recommendation, Plaintiffs have thwarted several attempts to hold a judicial sale on their house through filings in bankruptcy and in this Court.  Plaintiff original suit in this court alleged Truth in Lending Act violations with regard to his mortgage.

Because no party filed any objections, the parties are barred from attacking on appeal factual findings contained in the Report and Recommendation.  LoConte v. Dugger, 847 F.2d 745, 749 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

---

[1] The Magistrate Judge's Notice of Hearing, Order to Appear, and Report and Recommendation were all mailed to Plaintiffs' address of record.

Findings of fact to which the parties do not object do not require a *de novo* review by this Court, but only that the district court satisfy itself that there is no clear error on the face of the record to accept the recommendation.

Upon review of the Report and Recommendation, the Court accepts all of the findings and conclusions of the Magistrate Judge.  Though there was no authority given to Plaintiff's counsel to enter into the final settlement agreement, the dismissal of this case stands as of now.  Plaintiffs are directed to read the Report and Recommendation regarding this point.  Finally, as the dismissal of this case stands, the Court is without authority at this time to grant relief to Plaintiffs in the form of vacating any foreclosure sale.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Lurana Snow [DE 19] is hereby **ADOPTED** by this Court, as explained above;

2. Plaintiff's Motion to Vacate Sale Scheduled for 6/7/2007 in Broward County Civil Court  [DE 20] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of June, 2007.

JAMES I. COHN
United States District Judge

copies to:
Rebecca Taylor, Esq. (via CM/ECF email)
Scott Salomon, Esq. (via U.S. mail)

Stephen McAllister     (via U.S. mail)
 7445 NW 75th Drive
Parkland, Florida 33067

Stephen Orchard, Esq.  (via U.S. mail)